No. DA 06-0672

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 139N

_____

IN THE MATTER OF

B.B., B.B., and B.B.,

      Youths in Need of Care.

_____

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and for the County of Gallatin, Cause No. DN 04-32,
The Honorable Mike Salvagni, Presiding Judge.


COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender, Helena, Montana

      For Respondent:

          Hon. Mike McGrath, Attorney General; Carol E. Schmidt, Assistant
Attorney General, Helena, Montana

          Marty Lambert, Gallatin County Attorney; Kimberly P. Dudik, Deputy
County Attorney, Bozeman, Montana

_____

Submitted on Briefs:  April 18, 2007

Decided:  June 12, 2007

Filed:

_____
                    Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Mother (M.W.) appeals an Order from the Eighteenth Judicial District Court, Gallatin County, terminating her parental rights to her children, B.B., B.B., and B.B.  We affirm.

¶3     M.W. is the mother of three children, each with the initials B.B.  She and the children's father, S.B., are no longer together.  On July 11, 2004, while in M.W.'s care, the youngest child, who was three years old at the time, received a severe sunburn on his back.  Eventually the child's back blistered and his father took him to the emergency room to receive treatment.  S.B. also spoke with officials from the Department of Public Health and Human Services (DPHHS) about the sunburn.  A couple of days later, two social workers from DPHHS made an unannounced visit to M.W.'s home.  Although they heard voices coming from inside the home, no one answered the door.  Eventually social workers contacted the local police department for assistance in contacting M.W.  A few days after interviewing M.W., however, DPHHS determined the sunburn alone was an insufficient basis for separating M.W. from the children and the children were returned to her custody.

¶4      On November 17, 2004, Jaylene Spannring (Spannring), a 16-year-old girl who S.B. hired to babysit the children, went to M.W.'s apartment to pick them up. Spannring noticed that when she arrived, all the children appeared upset. As the children walked to Spannring's vehicle, M.W. yelled obscenities from her apartment window. Spannring told her mother about the incident and Spannring's mother contacted DPHHS. Shortly thereafter, DPHHS began proceedings in the case.

¶5      On March 11, 2005, the District Court determined the children were youths in need of care, pursuant to § 41-3-437, MCA. Less than a month later, on April 1, 2005, the court approved a treatment plan for M.W. On September 12, 2006, the District Court determined M.W. had not successfully completed the treatment plan and terminated her parental rights.

¶6      According to M.W., the District Court erred when it determined the children were youths in need of care because this determination was not supported by sufficient evidence, and the evidence included inadmissible hearsay. She also argues that DPHHS's approach to the treatment plan was unfair because it did not adequately consider M.W.'s physical and mental conditions and, thus, the District Court abused its discretion by ordering termination of her parental rights. The State responds that the court's adjudication of the children as youths in need of care was supported by substantial evidence, the court's findings were not clearly erroneous, and its conclusions of law were correct. Furthermore, the State argues that M.W.'s complaints that hearsay was admitted at the adjudication are incorrect. Finally, the State argues the District Court did not abuse its discretion when it terminated M.W.'s parental rights because the record established

that she failed to complete her treatment plan and M.W.'s conduct or condition rendering her unfit was unlikely to change within a reasonable time.

¶7 This Court reviews a district court's decision to terminate parental rights to determine whether the district court abused its discretion. *In re D.B.*, 2004 MT 371, ¶ 29, 325 Mont. 13, ¶ 29, 103 P.3d 1026, ¶ 29. The test for an abuse of discretion is whether the district court acted arbitrarily, without employment of conscientious judgment, or exceeded the bounds of reason resulting in substantial injustice. *D.B.*, ¶ 29.

¶8 The District Court did not err in determining the children were youths in need of care. The court's determination that M.W. could not be relied upon to adequately address the children's medical needs is supported by the record, not only in regard to the youngest child's severe sunburn, but also in M.W.'s repeated aggressive behavior toward the children on other occasions, and on DPHHS employees' interviews with the children.

¶9 The District Court did not erroneously permit hearsay testimony at the adjudicatory hearing. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." M. R. Evid. 801(c). Much of the testimony M.W. complains of was not actually hearsay because it was not offered to prove the truth of the matter asserted. M.W.'s other hearsay claims also fail because the testimony was never actually objected to or the objection was withdrawn by M.W.'s counsel.

¶10 Nor did the District Court abuse its discretion in terminating M.W.'s parental rights. The record establishes that M.W. failed to successfully complete the treatment plan. Section 41-3-609(f), MCA, provides that once a child has been adjudicated a youth

4

in need of care, parental rights may be terminated if both an appropriate court-approved treatment plan has either not been complied with or has been unsuccessful, and the conduct or condition rendering the parent unfit is unlikely to change within a reasonable time. Here, more than a year after the District Court approved an appropriate treatment plan, the court determined that M.W. had failed to comply with or successfully complete the plan. The court's findings of fact and conclusions of law are extensive and fully supported by the record and the court did not abuse its discretion in terminating M.W.'s parental rights.

¶11 It is manifest on the face of the briefs and record before us that there is sufficient evidence to support the judgment of the District Court, that settled Montana law clearly controls the legal issues presented and that the District Court correctly interpreted the law.

¶12 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE

5